1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| **CULLEN RITCHIE,** ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND JURY DEMAND** |
| ) | |
| vs. ) | |
| ) | |
| **CONVERGENT OUTSOURCING, INC.,**) | |
| **MIDLAND CREDIT MANAGEMENT,**) | |
| **INC., and MIDLAND FUNDING, LLC,** ) | |
| ) | |
| Defendants. ) | |

## NATURE OF ACTION

1.     This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Washington Consumer Protection Act ("WCPA"), RCW § 19.86.020 *et seq.*

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

district, and Defendant transacts business in this district.

**PARTIES**

4.     Plaintiff Cullen Ritchie ("Plaintiff") is a natural person who at all relevant times resided in the State of Washington, County of Pierce, and City of Spanaway.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant Convergent Outsourcing, Inc. ("Convergent") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.     Convergent is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.     Convergent attempted to collect from Plaintiff an obligation for the payment of money or thing of value arising out of an agreement or contract, express or implied.

9.     Convergent, at all relevant times, was engaged in the collection or attempted collection of a "claim" from Plaintiff, as defined by RCW § 19.16.100(5).

10.    Convergent is a "collection agency" or "out-of-state collection agency" as defined by RCW § 19.16.100(2) or (4), and is a "licensee" as defined by RCW § 19.16.100(9).

11.    Defendant Midland Funding, LLC ("Midland Funding") is a Delaware corporation, with its principal place of business in San Diego, California.

12.    Midland Funding is engaged in the business of taking title to and collecting delinquent debts originally owed to third parties.

13.    Midland Funding, at all relevant times, was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14.    Midland Funding is "debt collector" as defined by 15 U.S.C. § 1692a(6).

15.    Defendant Midland Credit Management, Inc. ("MCM") is a manager and

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

servicer of defaulted consumer debt portfolios for debt buyers, including Midland Funding, and performs collection services on their behalf.

16.     MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendants.

18.     Midland Funding, and MCM act jointly and in concert to collect consumer debts.

19.     Midland Funding, and MCM acted jointly and in concert to collect an alleged consumer debt from Plaintiff.

20.     Defendants acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

21.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a GE Capital Retail Bank ("GE Capital") personal credit card account ending in 2126 ("Account 2126").

22.     In connection with the collection of Account 2126, Convergent sent Plaintiff initial written communication dated December 3, 2012, that provided the notices required by 15 U.S.C. § 1692g *et seq.*  (See December 3, 2012 Correspondence, attached as Exhibit A).

23.     Convergent's December 3, 2012 initial communication provided an alleged amount owed of $299.22.

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

24.     Upon information and good-faith belief, the alleged amount owed was subject to accrual of interest.

25.     Convergent's December 3, 2012 communication is misleading to the "least sophisticated consumer" who could readily conclude that the total account balance stated as due was due *at any time,* when in fact it was not, and was subject to adjustment on a periodic basis.

26.     Convergent's omission of material information in its December 3, 2012 initial communication would deceive or mislead the least sophisticated consumer as to the character and amount of Account 2126.

27.     Thus, Convergent's December 3, 2012 initial written communication failed to clearly and effectively state the amount of Account 2126 as required pursuant to 15 U.S.C. § 1692g(a)(1).

28.     Washington law requires that in a debt collector's initial communication to a consumer:

> [A]n itemization of the claim asserted must be made including:
>
> (a) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;
>
> (b) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;
>
> (c) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection;

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

      (d) Collection costs, if any, that the licensee is attempting to collect;

      (e) Attorneys' fees, if any, that the licensee is attempting to collect on his or her or its behalf or on the behalf of a customer or assignor; and

      (f) Any other charge or fee that the licensee is attempting to collect on his or her or its own behalf or on the behalf of a customer or assignor;

RCW § 19.16.250(8)(c).

29.    Convergent's December 3, 2012 written communication failed to specifically itemize if the interest added to the "amount" was added by GE Capital or by Convergent, thus failing to clearly convey to Plaintiff each of the items required by RCW § 19.16.250(8)(c) and (e).

30.    Convergent's omission of material information would deceive and/or mislead the least sophisticated consumer as to the character or amount of the alleged debt.

31.    Upon information and good-faith belief, prior to April 2013, Midland Funding purchased Account 2126 from GE Capital, and subsequently placed Account 2126 with MCM for collection purposes.

32.    Prior to April 2013, MCM had contacted Plaintiff in an attempt to collect an alleged debt arising from a Household Financial account ending in 4218 ("Account 4218").

33.    Plaintiff, via his undersigned counsel, sent written correspondence dated May 14, 2012 regarding Account 4218, to MCM, that notified MCM of Plaintiff's representation by counsel.  (See May 14, 2012 Notice Letter, attached as Exhibit B).

34.    On April 10, 2013, in connection with the collection of Account 2126, MCM, itself and on behalf of Midland Funding, placed a call to Plaintiff.

COMPLAINT - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

35.     During the conversation that ensued, Plaintiff notified MCM's agent and/or employee that Plaintiff was represented by the undersigned counsel with respect to Account 2126 as well.

36.     Despite knowledge that Plaintiff was represented by counsel regarding Account 4218 and Account 2126, in connection with the collection of Account 2126, MCM, itself and on behalf of Midland Funding, sent Plaintiff initial written communication dated April 11, 2013 that provided the notices required by 15 U.S.C. § 1692g *et seq.*   (See April 11, 2013 Correspondence, attached as Exhibit C).

37.     On April 14, 2013, despite knowledge that Plaintiff was represented by counsel regarding Account 4218 and Account 2126, and despite having contact information for Plaintiff's counsel, MCM, itself and on behalf of Midland Funding, placed another telephone call to Plaintiff.

38.     During the conversation that ensued, Plaintiff again notified MCM's agent and/or employee that Plaintiff was represented by the undersigned counsel.

39.     Plaintiff's counsel did not consent to any direct communication with Plaintiff.

40.     At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Defendants.

41.     MCM's April 11, 2013 initial communication also provided that Account 2126 was accruing interest at the rate of 24.75%.

42.     In the alternative, GE Capital and/or Convergent ceased attempting to collect Account 2126 from Plaintiff after the date of charge-off.

43.     In the alternative, GE Capital ceased charging interest on Account 2126 after the date of charge-off.

COMPLAINT - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

44.     In the alternative, Convergent ceased charging interest after it acquired Account 2126 from GE Capital.

45.     Upon information and good-faith belief, it is GE Capital's regular business practice to cease collecting interest on an account after charge-off, in order to reduce continued collection costs and reduce the amount of "bad debt" on its books.

46.     In the alternative, GE Capital and/or Convergent waived its right to subsequently charge interest on the Debt.

47.     After the date of charge-off, GE Capital sold Account 2126 to a debt buyer, Midland Funding.

48.     When Midland Funding purchased Account 2126 from GE Capital, Midland Funding, as the alleged assignee, took all rights, title and interest of GE Capital existing as of the date of sale.

49.     Thereafter, but prior to April 10, 2013, Midland Funding placed Account 2126 with MCM to collect the alleged debt from Plaintiff.

50.     In the alternative, upon information and good-faith belief, MCM, itself and on behalf of Midland Funding, retroactively assessed interest on Account 2126 between the date of charge-off and the date Account 2126 was placed in its office for collection.

51.     In the alternative, if Account 2126 was not subject to accrual of interest, then MCM, itself and on behalf of Midland Funding, falsely represented that Account 2126 was accruing interest at the rate of 24.75%.

52.     Prior to filing suit, Plaintiff, via his attorneys, Weisberg & Meyers, LLC, sent a draft complaint to Convergent, and Plaintiff did not receive a response.

COMPLAINT - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1
2

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## CONVERGENT

3
4

53.    Plaintiff repeats and re-alleges each and every factual allegation contained

5

above.

6

54.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the

7

character, amount, or legal status of Plaintiff's alleged debt when failing to state that Account

8

2126 was continuing to accrue interest.

9

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

10
11

a)   Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

12

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A),

13

in the amount of $1,000.00;

14
15

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

16

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action

17

pursuant to 15 U.S.C. § 1692k(a)(3);

18
19

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by

20

law; and

21

f)   Awarding such other and further relief as the Court may deem just and proper.

22
23

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)
## CONVERGENT

24

55.    Plaintiff repeats and re-alleges each and every factual allegation contained

25

above.

26
27

56.    Defendant violated 15 U.S.C. § 1692e(5) by threatening to take, and taking, an

28

action against Plaintiff that cannot be legally taken or that was not actually intended to be

COMPLAINT - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

taken, including by attempting to collect a debt from Plaintiff without complying with RCW §
19.16.250(8) or WAC § 308-29-070.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A),
   in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action
   pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by
   law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**CONVERGENT**

57.     Plaintiff repeats and re-alleges each and every factual allegation contained
above.

58.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations or
deceptive practices in connection with the collection of an alleged debt from Plaintiff,
including, but not limited to: misrepresenting the amount of Account 2126; and its deceptive or
misleading omission of the itemization and other information required by RCW § 19.16.250(8)
and WAC § 308-29-070.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

COMPLAINT - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF RCW § 19.86.020**
**CONVERGENT**

59.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

60.     Defendant violated RCW § 19.16.250(8) by failing to convey the itemization and disclosures required by subsections (c) and (e), and by WAC § 308-29-070, in its written communications to Plaintiff.

61.     Defendant's commission of an act or practice prohibited by RCW § 19.16.250 is an unfair act or practice or unfair method of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW. RCW § 19.16.440.

62.     Defendant's conduct is per se injurious to the public interest.   RCW § 19.86.093(1); *see also Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009) ("The business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.").

COMPLAINT - 10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

63.     Defendant's conduct directly and proximately caused Plaintiff injury, including time and expense incurred in response to Defendant's conduct.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated RCW § 19.86.020;

    b)  Awarding Plaintiff actual damages pursuant to RCW § 19.86.090;

    c)  Awarding Plaintiff treble damages pursuant to RCW § 19.86.090;

    d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to RCW § 19.86.090;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

    f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692(c)(a)(2)
## MCM

64.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

65.     MCM violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### MCM

66. Plaintiff repeats and re-alleges each and every factual allegation contained above.

67. In the alternative, MCM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by representing that interest had accrued on Account 2126 from the date of charge off to the date it acquired Account 2126, when no prior holder of Account 2126 charged interest, and MCM retroactively added it to Account 2126 without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

COMPLAINT - 12

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692e(5)**
**MCM**

68.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

69.     In the alternative, MCM violated 15 U.S.C. § 1692e(5) by threatening and actually taking an action that it could not legally take by assessing interest on Plaintiff's alleged debt where no prior holder of Account 2126 charged interest, and MCM retroactively added it to Account 2126 without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT VIII**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**MCM**

70.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

71.     In the alternative, MCM violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: representing that interest had accrued on Account 2126 from the date of charge off to the date it acquired Account 2126, when no prior holder of Account 2126 charged interest, and MCM retroactively added it to Account 2126 without the legal right to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that MCM violated 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF 15 U.S.C. § 1692(c)(a)(2)**
**MIDLAND FUNDING**

72.     Plaintiff repeats and re-alleges each and every factual allegation contained

COMPLAINT - 14

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

above.

73.     MCM violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

74.     Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Midland Funding violated 15 U.S.C. § 1692c(a)(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT X**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**MIDLAND FUNDING**

75.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

COMPLAINT - 15

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

76.     In the alternative, MCM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by representing that interest had accrued on Account 2126 from the date of charge off to the date it acquired Account 2126, when no prior holder of Account 2126 charged interest, and MCM retroactively added it to Account 2126 without the legal right to do so.

77.     Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Midland Funding violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 15 U.S.C. § 1692e(5)
## MIDLAND FUNDING

78.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

COMPLAINT - 16

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

79.     In the alternative, MCM violated 15 U.S.C. § 1692e(5) by threatening and actually taking an action that it could not legally take by assessing interest on Plaintiff's alleged debt where no prior holder of Account 2126 charged interest, and MCM retroactively added it to Account 2126 without the legal right to do so.

80.     Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Midland Funding violated 15 U.S.C. § 1692e(5);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATION OF 15 U.S.C. § 1692e(10)
## MIDLAND FUNDING

81.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

82.     In the alternative, MCM violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt,

COMPLAINT - 17

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

including, but not limited to: representing that interest had accrued on Account 2126 from the date of charge off to the date it acquired Account 2126, when no prior holder of Account 2126 charged interest, and MCM retroactively added it to Account 2126 without the legal right to do so.

83.    Midland Funding by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of MCM, the debt collector it retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Midland Funding violated 15 U.S.C. § 1692e(10);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

84.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 11th day of November, 2013.

s/Jon N. Robbins
Jon N. Robbins WSBA#28991
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com